IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO. 4:18-cv-889 <u>C O M P L A I N T</u> |
| v. | ) ) ) | <u>JURY TRIAL DEMAND</u> |
| 28 EVENT SPACE, LLC, | ) ) ) | |
| Defendant. | ) ) | |

<u>NATURE OF THE ACTION</u>

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices taken against Theopilis J. Bryant and to provide appropriate relief to him. As alleged with greater particularity below, 28 Event Space, LLC, pressured Bryant to provide false information in a Title VII EEOC investigation and, when Bryant refused to do so, retaliated against him by reducing his hours of work, harassing him, and ultimately discharging him.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Missouri.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, 28 Event Space, LLC, has continuously been a Missouri corporation doing business in the State of Missouri and the City of Kansas City, and has continuously had at least 15 employees.

5. At all relevant times, Defendant 28 Event Space has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Theopilis J. Bryant filed a charge with the Commission alleging violations of Title VII by Defendant 28 Event Space.

7. On September 21, 2018, the Commission issued to Defendant 28 Event Space a Letter of Determination finding reasonable cause to believe that Title VII was violated and invited Defendant 28 Event Space to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant 28 Event Space to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant 28 Event Space a conciliation agreement acceptable to the Commission, and on September 28, 2018 the Commission issued to Defendant 28 Event Space a Notice of Failure of Conciliation.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

11. In 2013, Theopilis Bryant, a black male, worked for Profile Cabinet and Design (hereinafter, "Profile Cabinet").

12. At the time, Doug Lytle was President and manager of Profile Cabinet.

13. Lytle also owned and managed Defendant 28 Event Space.

14. On May 2, 2013, Bryant's co-worker at Profile Cabinet, Brandon Fitzpatrick, a black male, filed an EEOC charge of discrimination alleging Profile Cabinet discriminated against him and "a black co-worker" on the basis of race. The charge did not identify Bryant by name.

15. In June 2014, after Fitzpatrick filed his charge with EEOC, Lytle hired Bryant to work for Defendant 28 Event Space, another business Lytle owned and managed.

16. In July 2015, the EEOC issued a determination in Fitzpatrick's case finding that Profile Cabinet, through Lytle, discriminated against both Fitzpatrick and Bryant.

17. After the EEOC issued its determination, Lytle told Bryant that he wanted Bryant to discredit Fitzpatrick to the EEOC.

18. Lytle offered to give Bryant $10,000 and a used limousine if Bryant would falsely discredit the claims Fitzpatrick made in his Title VII charge.

19. Lytle repeatedly offered Bryant money and a used limousine in exchange for Bryant falsely discrediting Fitzpatrick.

20. Lytle threatened Bryant with reduced hours or job loss at Defendant 28 Event Space and Profile Cabinet if Bryant did not discredit Fitzpatrick.

21. Lytle told Bryant that if he didn't help discredit Fitzpatrick, he never wanted to see him again.

22. Lytle told Bryant that Bryant could not file a charge of discrimination with the EEOC because Lytle gave him a job at 28 Event Space.

23. Bryant refused to discredit Fitzpatrick.

24. Bryant cooperated with the EEOC's investigation of Fitzpatrick's charge.

25. In June 2016, Bryant filed an EEOC charge of discrimination alleging Profile Cabinet and 28 Event Space subjected him to unlawful harassment and retaliation.

26. After Bryant filed his charge with the EEOC, Defendant 28 Event Space stopped scheduling him for work and removed him from the scheduling system in July 2016.

## STATEMENT OF CLAIM

27. Plaintiff repeats, realleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

28. Theopilis Bryant engaged in protected activity under 42 U.S.C. 2000e-3 when he cooperated with the EEOC's investigation of Fitzpatrick's charge of discrimination, when he gave testimony in the investigation, when the EEOC determined he was a victim of discrimination of unlawful discrimination with Fitzpatrick, and when he filed his own charge of discrimination.

5

29. Defendant 28 Event Space harassed, intimidated, and ultimately discharged Theopilis Bryant because he engaged in protected activity.

30. Defendant 28 Event Space's treatment of Theopilis Bryant would dissuade a reasonable employee from engaging in protected activity.

31. Defendant 28 Event Space's harassment, intimidation, and discharge of Theopilis Bryant was unlawful retaliation in violation of Section 704 of Title VII, 42 U.S.C. 2000(e)-3.

32. The effect of the actions taken by Defendant 28 Event Space and Doug Lytle toward Theopilis Bryant was to deprive Theopilis Bryant of equal employment opportunities and otherwise adversely affect his status as an employee.

33. As a direct and proximate result of Defendant 28 Event Space's violation of 42 U.S.C. 2000(e)-3, Bryant suffered actual damages including but not limited to back pay, losses in compensation and benefits, humiliation, emotional distress, and loss of enjoyment of life.

34. Defendant 28 Event Space's unlawful retaliatory actions toward Bryant were intentional, willful, malicious and/or done with reckless indifference to Bryant's federally protected rights.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant 28 Event Space, its officers, agents, servants, employees, attorneys, and all persons in active concert or

participation with it, from taking adverse employment actions or retaliating in any manner against any person for opposing actions made unlawful by Title VII or for filing a charge of discrimination.

B. Order Defendant 28 Event Space to institute and carry out policies, practices, training and programs which provide equal employment opportunities for persons who engage in protected activity under Title VII and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant 28 Event Space to make whole Theopilis Bryant, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement of Theopilis Bryant.

D. Order Defendant 28 Event Space to make whole Theopilis Bryant by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 11 to 26 above, in amounts to be determined at trial.

E. Order Defendant 28 Event Space to make whole Theopilis Bryant by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 11 to 26 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant 28 Event Space to pay Theopilis Bryant punitive damages for its malicious and reckless conduct, as described in paragraphs 11 to 26 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

JAMES L. LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ANDREA G. BARAN, MO Bar No. 46520
Regional Attorney

C. FELIX MILLER, MO Bar No. 28309
Supervisory Trial Attorney
Equal Employment Opportunity Commission
St. Louis District Office
1222 Spruce St., Room 8.100
St. Louis, MO 63130
Phone: (314) 539-7910
andrea.baran@eeoc.gov
felix.miller@eeoc.gov

/s/ Dayna F. Deck
DAYNA F. DECK, MO Bar #39033
Senior Trial Attorney
Equal Employment Opportunity Commission
400 State Ave., Suite 905
Kansas City, KS 66101
Phone: (913) 551-5848
Fax: (913) 551-6957
dayna.deck@eeoc.gov

ATTORNEYS FOR PLAINTIFF
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION